IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATRINA EVANS,<br><br>              Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration;<br><br>              Defendant. | 8:12CV335<br><br>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |

On February 20, 2014, the plaintiff, Katrina Evans, filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (See ECF No. 23.) Evans requests a fee award in the amount of $2,351.52, based on 12.91 hours of work at a rate of $186.88 and $186.68 per hour. (Id. at 2.) The defendant[1] does not object to Evans' request. (Def.'s Response at 1, ECF No. 24.)

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). I find that Evans is a "prevailing party" within the meaning of the EAJA; that the defendant's position was not "substantially justified"; that there are no special circumstances that make an award unjust; that Evans' counsel's devotion of 12.91 hours of work to this case was reasonable; and that counsel's request for an hourly rate of $186.68 and $186.88, which is supported by uncontested evidence of an increase in the cost of living

---

[1] Carolyn W. Colvin has been appointed to serve as Acting Commissioner of the Social Security Administration, and in accordance with Federal Rule of Civil Procedure 25(d), she is "automatically substituted as a party" in place of Michael J. Astrue.

since March 1996, is reasonable. See 28 U.S.C. § 2412(d)(2)(A)(ii); Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded."). (See also Evans' Motion for Attorney's Fee, ECF No. 23.) Evans' request for attorney fees in the amount of $2,351.52 is granted. In accordance with Astrue v. Ratliff, 560 U.S. 586, 589, 130 S. Ct. 2521, 2524 (2010), this "award is payable to the litigant."

**IT IS ORDERED** that the plaintiff's motion for attorney fees under the Equal Access to Justice Act, ECF No. 23, is granted, and the plaintiff is awarded attorney's fees in the amount of $2,351.52. This amount is to be paid directly to the plaintiff by the Social Security Administration.

Dated March 3, 2014.

BY THE COURT:

Warren K. Urbom
United States Senior District Judge